CIRCUIT COURT FOR CLACKAMAS COUNTY, OCTOBER TERM, 1871.

W. W. HARPER BY NORTON *(Guardian of W. W. Harper,)* *v.* A. M. HARDING *et al.*

SETTING ASIDE A DECREE.—JURISDICTION.—As a general rule, a decree of a court having jurisdiction cannot be attacked collaterally, and it is not a sufficient showing of a want of jurisdiction to allege that the defendant was insane at the time of the trial.

BILL OF REVIEW.—To warrant a review of a decree by an original suit, except for error appearing on the record, a reason must be shown why the facts now presented were not presented and determined on the former trial.

THE plaintiff, W. W. Harper, who it is averred is insane, sues by guardian, to set aside certain deeds and to recover possession of the premises in controversy.

The plaintiff charges that on June 2, 1860, said Harper executed a mortgage while said Harper was insane; that while said Harper was still insane, the said mortgage was foreclosed, and the premises sold to the mortgagee, A. M. Harding, in April, 1864, who afterwards conveyed to the defendants, King and Hawley. He also charges that the mortgage was without consideration.

The complaint then proceeds as follows: "For further and separate cause of suit, the plaintiff avers that on the eighth day of August, 1864, the said King and Hawley fraudulently and without consideration, obtained a deed for the above described premises from W. W. Harper. That

the said Harper was insane at the time of the execution of the deed. That said defendants now hold said premises adversely to the plaintiff under said deeds."

The defendants demurred, on the ground that two causes of suit are improperly united, and are not separately stated, and that the complaint does not state facts sufficient to constitute a cause of suit.

During the argument, the words "for further and separate cause of suit" were stricken out by consent.

*H. F. Forbs*, for the plaintiff.

*Johnson & McCown*, for the defendants.

BY THE COURT. (UPTON, J.) I think the complaint is insufficient. In order to maintain this suit the plaintiff must show that the defendants are not entitled to the premises, either under the foreclosure or under the deed executed subsequently.

If the allegation is true, that Mr. Harper was insane when he executed the mortgage, that is a fact that might have been plead and proved in the foreclosure suit. As a general rule a judgment or decree of a court having jurisdiction cannot be attacked collaterally; and when a decree is attacked for want of jurisdiction, it is not a sufficient showing of such lack, to declare that the defendant was insane at the time. It does not appear by this complaint but that Harper was duly served and appeared by guardian. Nor is any reason shown why his alleged insanity was not plead in that suit. In fact there is nothing set forth in this complaint to show that the same allegations that are made in this complaint were not set up and passed upon in the foreclosure suit. For aught that appears, the court in which the mortgage was foreclosed, may have heard and determined the matters which the plaintiff now seeks to present, and it does appear that the court then pronounced a decree upon the subject matter involved in this suit; that is, the due execution of the mortgage. A plea of insanity may have been negatived; or the present plaintiff may have been represented by guardian and may have failed to set up the in-

sanity. The presumption being in favor of the judgments and decrees of a court of record, in the absence of any allegations on the subject, it will be presumed that the court having jurisdiction of the subject and of the person, proceeded regularly and decided correctly. The decree of foreclosure cannot be attacked collaterally, and the facts stated are not sufficient to authorize a review of the decree of foreclosure.

The demurrer should be sustained.